**DENIED and Opinion Filed January 23, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00028-CV

## IN RE ROBERT B. READ, JR., Relator

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-81170-06**

## MEMORANDUM OPINION
Before Justices Reichek, Nowell, and Miskel
Opinion by Justice Reichek

Before the Court is relator's January 9, 2023 petition for writ of mandamus. The petition concerns a postconviction motion relator filed in the trial court on or about May 25, 2022, requesting the production of grand jury transcripts.

Relator's petition for writ of mandamus does not comply with the Texas Rules of Appellate Procedure. For example, the petition does not contain a complete list of all parties, a table of contents, an index of authorities, a statement of the issues or points presented, or a statement of facts with record references, and the prayer does not "clearly state the nature of the relief sought." *See* TEX. R. APP. P. 52.3(a)–(c), (f)–(i).

Even if relator corrected these deficiencies, we conclude that relator did not demonstrate entitlement to mandamus relief. To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). To the extent relator asks this Court to compel the trial court to grant his motion, we deny relator's petition. We may compel the trial court to rule on a motion, but we may not direct the trial court on how to rule on a motion. *In re Autrey*, No. 05-22-01009-CV, 2022 WL 5113123, at *1 (Tex. App.—Dallas Oct. 5, 2022, orig. proceeding) (mem. op.). To the extent relator asks this Court to compel the trial court to rule on his motion, after reviewing the petition and the record before us, we conclude that relator has failed to demonstrate entitlement to mandamus relief. *See* TEX. R. APP. P. 52.8(a). Accordingly, we deny relator's petition.

Further, the appendix attached to relator's petition contains unredacted sensitive information, including a minor's full name, in violation of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.9. We strike relator's petition for writ of mandamus, including its attached appendix, for relator's failure to comply with the Texas Rules of Appellant Procedure's redaction requirements. *See In re R.B.*, No. 05-21-01063-CV, 2022 WL 202986, at *1 (Tex. App.—Dallas Jan. 24, 2022, orig. proceeding) (mem. op.) (exercising discretion, in the interest of judicial

–2–

economy, to consider merits of petition filed in violation of the appellate rules' redaction requirements before striking petition).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

220028F.P05